UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| TREVOR LITTLE, | ) |
| Petitioner, | ) Civil No. 0: 16-129-HRW |
| V. | ) |
| JANISSE BISHOP, Acting Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Trevor Little is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Little filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] Little's petition is now before this Court for screening pursuant to 28 U.S.C. § 2243. For the reasons set forth below, the Court will deny Little's petition.

In late 1995, the United States charged Little with multiple drug-related crimes. *See United States v. Little*, No. 2:95-CR-198 (S.D. W. Va.). The United States District Court for the Southern District of West Virginia held a jury trial, and on May 3, 1996, the jury found Little guilty of multiple counts of the indictment. A few months later, on July 15, 1996, the court sentenced Little to life imprisonment and fined him $25,000. While the court later reduced Little's sentence of imprisonment to 360 months, the fine remained in place.

1

In 2016, over twenty years after the court entered its judgment of sentence, Little filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a supplemental petition. [D. E. Nos. 1, 7] Little argues that he is no longer obligated to pay the $25,000 fine imposed as part of his sentence because his liability on that fine expired 20 years after the entry of judgment. Little bases this argument on an early version of 18 U.S.C. § 3613(b), which provided that a criminal defendant's liability to pay a fine expired either 20 years after the entry of the judgment or upon the death of the defendant.

Little's habeas petition is without merit because the version of § 3613(b) that he relies upon was no longer in effect when he was convicted and sentenced. That is because Congress passed the Mandatory Victims Restitution Act (MVRA) of 1996, Pub. L. No. 104-132, 110 Stat. 1227, which amended § 3613(b). The amended version of § 3613(b) went into effect on April 24, 1996, and it provided that "[t]he liability to pay a fine shall terminate *the later of* 20 years from the entry of judgment *or 20 years after the release from imprisonment of the person fined*, or upon the death of the individual fined." *See* 18 U.S.C. § 3613(b) (emphasis added). So, by the time Little was convicted in May 1996 and sentenced in July 1996, the old version of § 3613(b) was no longer in effect. Therefore, Little's reliance on that provision is simply misplaced.

Little nevertheless argues that the old version of § 3613(b) applies to his case because the dates he committed his offenses—"from early 1990 to December 1995"—is controlling, rendering application of the revised statute a violation of the Ex Post Facto Clause. [D. E. No. 7] But the Ex Post Facto Clause prohibits enactments that "retroactively alter the definition of crimes or increase the punishment for criminal acts," *Cal. Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995), and the amendment at issue here plainly does neither. Therefore, the Court will deny Little's habeas petition.

Accordingly, **IT IS ORDERED** that:

1. Little's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. Little's motion for an injunction [D. E. No. 9], which asks the Court to order the Bureau of Prisons to stop collecting the fine, is **DENIED AS MOOT**.

3. This matter is **STRICKEN** from the Court's active docket.

4. A corresponding judgment will be entered this date.

This 27th day of April, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge